**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSUE SASO-MARROQUIN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3434

Agency No.
A240-304-489

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024**
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Josue Saso-Marroquin ("Saso-Marroquin"), a native and citizen of

Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") decision

affirming the denial of his claims for asylum, withholding of removal, and protection

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition.

1.      The BIA's denial of asylum and withholding of removal is supported by substantial evidence. A petitioner must demonstrate a likelihood or clear probability of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" to obtain relief through asylum or withholding of removal. *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). A particular social group is cognizable when it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).

Saso Marroquin alleges persecution on account of his membership in two proposed social groups: "individuals charged with enforcing COVID-19 protocols," and "immediate family members of Josue Saso-Marroquin." But the Immigration Judge found that the proposed social groups lacked particularity and social

distinction, and the BIA affirmed this finding on appeal.[1] Saso-Marroquin points to no evidence in the record indicating that his proposed social groups are socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (holding that a proposed social group lacks social distinction when "the record is devoid of any society specific evidence" demonstrating that a proposed social group is "perceived or recognized as a group by society."). Thus, the BIA did not err in finding that Saso-Marroquin failed to establish membership in a particular social group.

2.    The BIA's denial of CAT relief is supported by substantial evidence. To qualify for withholding under CAT, an applicant must show "it is more likely than not" that he "would be tortured" in his country of removal. 8 C.F.R § 1208.16(c)(2). Torture "need not be on account of a protected ground," but it must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019); 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the BIA's finding that Saso-Marroquin failed to demonstrate government acquiescence or consent to torture. Saso-Marroquin argues that two unknown assailants on a motorcycle targeted him

---

[1]    The government argues that Saso-Marroquin waived any challenge to the dispositive determination by the IJ that his proposed social groups lacked particularity and social distinction. Even assuming no waiver, Saso-Marroquin's claim fails.

in a drive-by shooting because of his work with the government. Even assuming that the drive-by shooting was motivated by his work at the hospital, the assailants' motive demonstrates only that Saso-Marroquin's work for the government was a reason for the violence; it does not demonstrate that the government consented or acquiesced to—or was even aware of—the harms he experienced.

The petition is **DENIED.**